DAVID R. ZARO (BAR NO. 124334)
TED FATES (BAR NO. 227809)
TIM C. HSU (BAR NO. 279208)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
515 South Figueroa Street, Ninth Floor
Los Angeles, California 90071-3309
Phone: (213) 622-5555
Fax: (213) 620-8816
E-Mail: dzaro@allenmatkins.com
         tfates@allenmatkins.com
         thsu@allenmatkins.com

Attorneys for Plaintiff
WILLIAM J. HOFFMAN, Receiver

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| WILLIAM J. HOFFMAN, Court-appointed permanent receiver for Nationwide Automated Systems, Inc., Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC, Oasis Studio Rentals #3, LLC, and their subsidiaries and affiliates,<br><br>        Plaintiff,<br><br>    v.<br><br>JEFFREY FIRESTONE, an individual; and WANTANA FIRESTONE, an individual,<br><br>        Defendants. | Case No. 2:15-cv-8486-SJO-FFM<br><br>DECLARATION OF TIM C. HSU IN SUPPORT OF APPLICATION FOR ENTRY OF DEFAULT JUDGMENT BY COURT AS AGAINST DEFENDANTS JEFFREY FIRESTONE AND WANTANA FIRESTONE<br><br>Date:   December 21, 2015<br>Time:  10:00 a.m.<br>Ctrm:  1 - 2nd Floor<br>Judge:  Hon. S. James Otero |

## DECLARATION OF TIM C. HSU

I, Tim C. Hsu, declare as follows:

1.     I am an attorney at the law firm of Allen Matkins Leck Gamble Mallory & Natsis LLP, counsel of record for William J. Hoffman ("Receiver"), permanent receiver for Nationwide Automated Systems, Inc. ("NASI"), Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC, Oasis Studio Rentals #3, LLC,

1  and their subsidiaries and affiliates (collectively with NASI, "Receivership

2  Entities").

3       2.     This Declaration is made in support of the Receiver's Application for

4  Entry of Default Judgment by Court as against Defendants Jeffrey Firestone and

5  Wantana Firestone ("Defaulted Defendants").  I have personal knowledge of the

6  facts set forth herein and, if called as a witness, could and would testify to such facts

7  under oath.

8       3.     Defaulting Defendants were personally served with the Summons and

9  Complaint on November 3, 2015, but failed to file any response or otherwise appear

10  in this action.  Based on their failure to appear, on November 25, 2015, I prepared

11  and sent Defaulting Defendants a letter by way of FedEx and email to inform them

12  that the Receiver intended to seek default judgment against them if they did not

13  respond or appear to defend themselves in this action.  A true and correct copy of

14  my letter, along with the proof of delivery by overnight mail and email, are attached

15  hereto as **Exhibit A**.  Notwithstanding the notice provided to Defaulting

16  Defendants, and as of the date of this Declaration, Defaulting Defendants have

17  failed to file any responsive pleading.

18

19  Dated:  December 10, 2015          ALLEN MATKINS LECK GAMBLE

20                          MALLORY & NATSIS LLP
                        DAVID R. ZARO

21                          TED FATES
                        TIM C. HSU

22

23                    By:_____/s/ Tim C. Hsu_____
                      TIM C. HSU

24                        Attorneys for Receiver
                      WILLIAM J. HOFFMAN

25

26

27

28

EXHIBIT A

# Allen Matkins

Allen Matkins Leck Gamble Mallory & Natsis LLP
Attorneys at Law
515 South Figueroa, 9th Floor | Los Angeles, CA 90071-3309
Telephone: 213.622.5555 | Facsimile: 213.620.8816
www.allenmatkins.com

Tim C. Hsu
E-mail: thsu@allenmatkins.com
Direct Dial: 213.955.5516   File Number: 374464-00018/LA1030777.01

<u>**Via FedEx and Electronic Mail**</u>

November 25, 2015

Mr. Jeffrey Firestone
Ms. Wantana Firestone
305 Libre Street
Oxnard, CA 93030
Email: jlfirestone@yahoo.com

> Re:   *William J. Hoffman, Court-Appointed Permanent Receiver v. Jeffrey Firestone and Wantana Firestone*
> **United States District Court, Central District of California**
> **Case No. 2:15-cv-8486-SJO-FFM**
> **Notice of Failure to Respond to Complaint and Receiver's Intent to Seek Entry of Default and Default Judgment**

Mr. and Ms. Firestone:

As you know, our firm represents plaintiff William J. Hoffman as Court-appointed receiver ("Receiver"), in the above-referenced United States District Court action.  The Receiver was appointed permanent-receiver for Nationwide Automated Systems, Inc. ("NASI"), Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC, Oasis Studio Rentals #3, LLC, and their subsidiaries and affiliates (collectively with NASI, "Receivership Entities"), in that Securities and Exchange Commission enforcement action styled as *Securities and Exchange Commission v. Nationwide Automated Systems, Inc., et al.*, U.S.D.C., C.D. Cal. Case No. 2:14-cv-7249-SJO-FFM.

On October 30, 2015, the Receiver filed a Complaint for fraudulent transfer against you.  These claims are brought in connection with the fraudulent transfers of over $240,000 in funds out of the Receivership Entities.  A copy of the Complaint, along with the Summons issued by the Court, is attached for your reference.

On November 3, 2015, the Complaint and Summons were personally served to you at 305 Libre Street, Oxnard, California.  Copies of the related proofs of service on file in this action are enclosed.

Allen Matkins Leck Gamble Mallory & Natsis LLP
Attorneys at Law

Mr. Jeffrey Firestone
Ms. Wantana Firestone
November 25, 2015
Page 2

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, you had until November 24, 2015 to file and serve a responsive pleading to the Complaint. As of the date of this letter, no such pleading has been filed or served. As a consequence, the Receiver intends to seek the entry of default and default judgment against you in this action, and will file a request to do so with the Court by December 1, 2015. Please advise immediately if you intend to file a response.

Sincerely,

Tim C. Hsu

TCH:ml
Enclosures

cc:     Edward G. Fates, Esq.
        via electronic mail only

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. HOFFMAN, Court-appointed permanent receiver for Nationwide Automated Systems, Inc., Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC, Oasis Studio Rentals #3, LLC, and their subsidiaries and affiliates<br><br>*Plaintiff(s)*<br>v.<br><br>JEFFREY FIRESTONE, an individual; and WANTANA FIRESTONE, an individual<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 2:15-cv-8486  JAK(AJWx)<br>)<br>)<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
　　Jeffrey Firestone - 305 Libre Street, Oxnard, California 93030-0180
　　Wantana Firestone - 305 Libre Street, Oxnard, California 93030-0180

　　A lawsuit has been filed against you.

　　Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
　　David R. Zaro, Esq.
　　Ted Fates, Esq.
　　Tim C. Hsu, Esq.
　　Allen Matkins Leck Gamble Mallory & Natsis LLP
　　515 South Figueroa Street, Ninth Floor, Los Angeles, California 90071
　　Phone: (213) 622-5555; Facsimile: (213) 620-8816

　　If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: ___10/30/15___          _____
　　　　　　　　　　　　　　　　　*Signature of*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 2:15-cv-08486 JAK(AJWx)

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

American LegalNet, Inc.
www.FormsWorkFlow.com

1  DAVID R. ZARO (BAR NO. 124334)
   TED FATES (BAR NO. 227809)
2  TIM C. HSU (BAR NO. 279208)
   ALLEN MATKINS LECK GAMBLE
3    MALLORY & NATSIS LLP
   515 South Figueroa Street, Ninth Floor
4  Los Angeles, California 90071-3309
   Phone: (213) 622-5555
5  Fax: (213) 620-8816
   E-Mail: dzaro@allenmatkins.com
6          tfates@allenmatkins.com
           thsu@allenmatkins.com
7
   Attorneys for Plaintiff
8  WILLIAM J. HOFFMAN, Receiver

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                  WESTERN DIVISION

12  WILLIAM J. HOFFMAN, Court-            Case No. 2:15-cv-8486
    appointed permanent receiver for
13  Nationwide Automated Systems, Inc.,   COMPLAINT FOR FRAUDULENT
    Oasis Studio Rentals, LLC, Oasis Studio   TRANSFER
14  Rentals #2, LLC, Oasis Studio
    Rentals #3, LLC, and their subsidiaries
15  and affiliates,

16              Plaintiff,

17        v.

18  JEFFREY FIRESTONE, an individual;
    and WANTANA FIRESTONE, an
19  individual,

20              Defendants.

21

22

23

24

25

26

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

835752.01/SD

1    Plaintiff William J. Hoffman of Trigild, Inc. ("Receiver"), the Court-

2  appointed permanent receiver for Nationwide Automated Systems, Inc. ("NASI"),

3  Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC, Oasis Studio

4  Rentals #3, LLC, and their subsidiaries and affiliates (collectively with NASI,

5  "Receivership Entities"), hereby brings the following Complaint against the above-

6  captioned Defendants and alleges, on behalf of the Receivership Entities, as follows:

7               **I.     JURISDICTION AND VENUE**

8     1.     This Court has jurisdiction over this matter under 28 U.S.C.

9  sections 1345 and 1367(a), and the doctrines of ancillary and supplemental

10  jurisdiction, in that this action arises from a common nucleus of operative facts as,

11  and is substantially related to the original claims in, the Securities and Exchange

12  Commission ("Commission") enforcement action styled as *Securities and Exchange*

13  *Commission v. Nationwide Automated Systems, Inc., et al.*, United States District

14  Court, Central District of California, Case No. 14-CV-07249-SJO (FFMx) ("SEC

15  Action").

16     2.     This Court may exercise personal jurisdiction over the above-captioned

17  Defendants pursuant to Federal Rule of Civil Procedure 4(k)(1)(A).

18     3.     Venue in the Central District of California is proper under 28 U.S.C.

19  section 1391 because this action is an ancillary proceeding to the SEC Action and

20  because the Receiver was appointed in this District pursuant to the Preliminary

21  Injunction and Orders (1) Freezing Assets; (2) Prohibiting the Destruction of

22  Documents; (3) Requiring Accountings; and (4) Appointing a Receiver entered by

23  this Court in the SEC Action on October 29, 2014 ("Preliminary Injunction").

24               **II.    PARTIES**

25     4.     The Receiver is the duly appointed permanent receiver for the

26  Receivership Entities and was appointed permanent receiver for the Receivership

27  Entities pursuant to the Preliminary Injunction.  Among other things, the

28  Preliminary Injunction calls for the Receiver to recover and marshal, for the benefit

835752.01/SD

1   of creditors of and investors in the Receivership Entities, any and all assets which

2   were owned, leased, occupied, or otherwise controlled by the Receivership Entities

3   or were otherwise purchased with assets of the Receivership Entities.  The Receiver

4   holds exclusive authority and control over the assets of the Receivership Entities,

5   including over the causes of action alleged herein, over which this Court has

6   ancillary and supplemental jurisdiction.

7        5.     On information and belief, Jeffrey Firestone, an individual, is a citizen

8   and resident of Ventura County, California and is a recipient of assets of the

9   Receivership Entities as described further herein.

10       6.     On information and belief, Wantana Firestone, an individual, is a

11  citizen and resident of the Ventura County, California and is a recipient of assets of

12  the Receivership Entities as described further herein.

13       **III.    FACTUAL ALLEGATIONS**

14       **A.    The Purported Business of the Receivership Entities and the**

15       **Commencement of the SEC Action**

16       7.     As alleged by the Commission in the SEC Action, NASI raised money

17  from investors by selling them Automated Teller Machines ("ATMs"), leasing the

18  ATMs back from investors, managing the ATMs for the investors, and paying the

19  investors "rents" that were guaranteed to total at least 20% of the purchase price

20  paid for the ATMs per year.  The Receivership entities also paid referral fees to

21  investors and other agents who recruited new investors to purchase ATMs.

22       8.     In actuality, the Receivership Entities did not sell any ATMs to

23  investors, but instead fabricated and sold fictitious ATMs with fabricated serial

24  numbers and locations.  The "rents" paid to investors who purchased fictitious

25  ATMs, as well as referral fees paid to investors and agents, were paid from the

26  amounts raised from other investors.  Thus, NASI operated a classic Ponzi scheme.

27       9.     On or about September 17, 2014, the Commission initiated the SEC

28  Action against the Receivership Entities and their principals Joel Gillis and Edward

1   Wishner, alleging violations of federal securities laws.  The Commission petitioned

2   for the Receiver's appointment, and on September 30, 2014, and October 29, 2014,

3   this Court entered orders appointing the Receiver, first on a temporary basis and

4   then as permanent receiver for the Receivership Entities.

5       **B.**    **The Receiver's Authority and Investigation Pursuant to His**

6               **Appointment**

7       10.    Pursuant to the terms of his appointment, the Receiver is vested with

8   exclusive authority and control over the assets of the Receivership Entities.

9   Specifically, Article XII of the Preliminary Injunction vests the Receiver with the

10   "full powers of an equity receiver, including, but not limited to . . . full power to

11   institute, pursue, and prosecute all claims and causes of action . . ."

12       11.    The Receiver's investigation to date supports and confirms the

13   Commissions allegations in the SEC Action, including that NASI operated a Ponzi

14   scheme, sold fictitious ATMs to investors and made rent and referral fee payments

15   to investors from funds raised from other investors.  Defendants Gillis and Wishner

16   filed answers to the SEC's complaint in which they admit the facts supporting the

17   SEC's Ponzi scheme allegations.

18       **C.**    **Criminal Indictment and Guilty Pleas**

19       12.    On December 16, 2014, Gillis and Wishner were arrested and charged

20   with mail fraud, wire fraud, conspiracy, and aiding and abetting.  *United States v.*

21   *Gillis, et al.*, C.D. Cal. Case No. 14-CR-00712-SJO.  Gillis and Wishner waived

22   indictment, surrendered their passports, and were released on bail.  On January 13,

23   2015, and January 21, 2015, respectively, Wishner and Gillis plead guilty to all four

24   counts of the criminal information.  In connection with Gillis' guilty plea, a

25   statement of facts signed by Gillis that supports the guilty plea was filed by the

26   government ("Statement of Facts").  As part of his guilty plea, Gillis stated under

27   oath that the facts in the Statement of Facts were true.  The Statement of Facts is

28   attached hereto as Exhibit A.

1     13.    The Statement of Facts is fully incorporated herein by reference. The

2  facts stated therein are included in this complaint as though fully restated and

3  alleged herein.

4     **D.    The Fraudulent Transfers to Defendants From the Receivership**

5         **Entities**

6     14.    Attached hereto as Exhibit B is a schedule of bank transfers from

7  Defendants to NASI and from NASI to Defendants. As the schedule reflects, the net

8  amount received by Defendants ("Profit Amount") is calculated by subtracting

9  (a) transfers from NASI to Defendants ("Payments from NASI") from (b) transfers

10  from Defendants to NASI ("Deposit Amount"). Defendants' Profit Amount is

11  $243,663.50.[1]

12     15.    Defendants had no business dealings with NASI apart from transactions

13  relating to the purchase and leasing of fictitious ATMs and provided no services or

14  other value to NASI other than amounts paid for the fictitious ATMs.

15               **COUNT I – FRAUDULENT TRANSFER**

16     16.    The Receiver incorporates herein each and every allegation contained

17  in Paragraphs 1 through 14, inclusive, hereinabove set forth.

18     17.    Over the course of its pre-receivership operations, NASI paid the Profit

19  Amount to Defendants with the intent to hinder, delay, or defraud NASI's creditors.

20  Such payments were made from the proceeds of the Ponzi scheme which were

21  generated from investors in the scheme.

22     18.    The Receivership Entities received nothing of value in exchange for the

23  payments that comprise the Profit Amount.

24     19.    At the time the payments comprising the Profit Amount were made to

25  Defendants, NASI was engaged in or about to engage in business transactions for

26

27  [1]  All transfers from Payments from NASI occurring (a) after Defendants received

28     payments equal to the Deposit Amount, and (b) more than seven years prior to
       the date of filing this Complaint have been excluded from the calculation of the
       Profit Amount.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

835752.01/SD                -4-

1  which its remaining assets were unreasonably small in relation to the business or

2  transaction.

3        20.    NASI was insolvent, or became insolvent, shortly after the subject

4  payments comprising the Profit Amount were made to Defendants.

5        21.    NASI intended to incur, or believed or reasonably should have believed

6  it would incur, debts beyond its ability to pay as they became due.

7        22.    As a consequence, the full Profit Amount is an actual and

8  constructively fraudulent transfer under California's Uniform Fraudulent Transfer

9  Act ("CUFTA"), Cal. Civ. Code section 3439, *et seq.*, and is subject to immediate

10  disgorgement to the Receiver.

11                              **PRAYER FOR RELIEF**

12        WHEREFORE, the Receiver prays for judgment against Defendants as

13  follows:

14        (a)    For a judgment against Defendants avoiding the transfers from NASI to

15  Defendants comprising the Profit Amount; and

16        (b)    For an order directing Defendants to pay restitution to the Receiver in

17  the Profit Amount on account of the fact they have been unjustly enriched.

18        (c)    For an order deeming the Profit Amount paid to Defendants to be held

19  in constructive trust for the benefit of the Receivership Entities; and

20        (d)    For an order directing Defendants to immediately pay the Profit

21  Amount, plus prejudgment interest and costs, to the Receiver; and

22        (e)    For such other and further relief as the Court may deem proper.

23  Dated: October 29, 2015              ALLEN MATKINS LECK GAMBLE
                                         MALLORY & NATSIS LLP
24

25                                       By:      /s/ Ted Fates

26                                          TED FATES
                                            Attorneys for Plaintiff
27                                          WILLIAM J. HOFFMAN, Receiver

28

# EXHIBIT A

**EXHIBIT A**

**UNITED STATES v. JOEL BARRY GILLIS,**
CR 14-712-SJO

STATEMENT OF FACTS
IN SUPPORT OF ENTRY OF GUILTY PLEAS
BY DEFENDANT JOEL BARRY GILLIS

1.   At all times relevant to the charges,

a.   Nationwide Automated Systems, Inc. ("NASI") was a California corporation that operated out of its principal office in Calabasas, California, within the Central District of California. NASI was incorporated in 1996 and held itself out to the investing public as being in the business of placing, operating, and maintaining automated teller machines ("ATM"s). NASI described itself as "an ATM machine provider" that worked with high-traffic retail locations, hotels, casinos, and convenience stores, located throughout the United States.

b.   Defendant JOEL BARRY GILLIS ("defendant GILLIS") was a resident of Woodland Hills, California, within the Central District of California. Defendant GILLIS was the founder and president of NASI and a signatory on its bank accounts. Defendant GILLIS and co-defendant EDWARD WISHNER ("defendant WISHNER") were in charge of NASI and were principally responsible for running its business operations.

c.   Defendant WISHNER was a resident of Woodland Hills, California. Defendant WISHNER was the treasurer, vice-president, and secretary of NASI and a signatory on its bank accounts. Defendant WISHNER also prepared NASI's tax returns.

2.   Beginning as early as in or about 2001, and continuing to in or about September 2014, in Los Angeles County, within the Central

Exhibit A
Page 7

1  District of California, and elsewhere, defendants GILLIS and WISHNER,
2  knowingly conspired to and did execute a scheme to defraud investors:
3      3.     Defendants GILLIS and WISHNER operated their scheme, in
4  substance, as follows:
5          a.     Defendants GILLIS and WISHNER solicited and caused to
6  be solicited funds from victim-investors by purporting to sell them
7  ATMs through NASI's ATM sale/leaseback program, using a standard
8  package of agreements, comprised of the following: (1) an ATM
9  Equipment Purchase Agreement ("Purchase Agreement");
10  (2) an ATM Equipment Lease Agreement ("Lease Agreement"); and (3) an
11  Addendum to Owner Lease Agreement ("Addendum").
12         b.     Under the terms of the Purchase Agreement, victim-
13  investors paid a flat amount - typically $12,000, but in some cases
14  as much as $19,800 per ATM — to buy one or more ATMs, all of which
15  were to be identified in an exhibit ("Exhibit A") to the contract by
16  both "serial number" and by the name of the location to which the
17  ATMs were purportedly to be delivered.  In exchange for the victim-
18  investors' payments, NASI, as the supposed "seller" of the ATMs,
19  agreed to deliver the ATMs purportedly purchased by the victim-
20  investor to the location specified by the agreement within 60 days.
21         c.     Under the terms of the Lease Agreement, victim-
22  investors leased the ATMs they had purchased back to NASI for an
23  initial 10-year term.  The Lease Agreement provided that NASI would
24  be responsible for operating and maintaining the ATMs and providing
25  all the services necessary for this purpose, including processing and
26  accounting for all ATM transactions; obtaining, delivering, and
27  loading cash for the ATMs; and repairing, maintaining, and servicing
28  the ATMs.  The Lease Agreement further provided that NASI was

2

1   obligated to pay a monthly rent to the victim-investor in an amount

2   equal to $.50 for each "approved transaction" produced by the ATMs

3   during the covered month for the term of the lease.

4          d.     Finally, the Addendum to the Lease Agreement modified

5   NASI's rent obligation by guaranteeing NASI's payment of a monthly

6   check to victim-investors equal to a 20% annual rate of return on the

7   victim-investors' initial investment.   NASI guaranteed this 20%

8   annual rate of return even if the number of transactions produced by

9   the victim-investor's ATM was insufficient to provide, at the $.50

10  per transaction rate, a 20% annual rate of return.   The Addendum also

11  modified the 10-year lease term provided for in the Lease Agreement

12  by granting the victim-investor the right, after only two years, to

13  sell their ATMs back to NASI at their original purchase price at any

14  time, thereby recovering their original investment in full.

15         e.     In marketing NASI's ATM sale/leaseback program to

16  victim-investors, defendants GILLIS and WISHNER touted NASI's

17  purportedly lengthy track record of delivering profitable returns for

18  investors through their management, servicing, and collection of

19  transaction fees from tens of thousands of ATMs that NASI either

20  separately owned or had leased back from investors.

21         f.     Each month, defendants GILLIS and WISHNER caused

22  monthly transaction reports to be sent to the victim-investors that

23  purportedly detailed the performance of the ATMs that the victim-

24  investors owned.   The reported number of transactions of each of the

25  ATMs supposedly formed the financial basis for the monthly payments

26  that NASI sent to the victim-investors.   In truth and in fact, as

27  defendants GILLIS and WISHNER then well knew, the purpose of these

28  reports was to falsely confirm to the victim-investors that the

3

1   payments they were receiving from NASI were being generated by the

2   high-yield transaction fees earned by their particular ATMs, and to

3   conceal that the payments were, in fact, Ponzi payments funded by

4   monies received from other victim-investors.

5          g.   As defendants GILLIS and WISHNER then well knew, the

6   Purchase Agreement, Lease Agreement, and Addendum packages that NASI

7   entered into with its victim-investors were a sham, and NASI's

8   promises and representations to its victim-investors in connection

9   with its purported sale and leaseback of ATMs were materially false

10  and misleading.  In truth and in fact, as defendants GILLIS and

11  WISHNER then well knew, NASI typically did not sell and lease back

12  the ATM machines it purported to sell to its victim-investors, and

13  the serial numbers and the installation locations of the ATMs that

14  were specified on the Exhibits A to the victim-investors' Purchase

15  Agreements were fabricated by defendant GILLIS and by NASI to create

16  the false impression that NASI was selling actual ATMs that were

17  installed in favorable locations throughout the United States.  As

18  defendants GILLIS and WISHNER also then well knew, NASI did not own

19  or operate the tens of thousands of ATMs that it claimed to have sold

20  and leased back from its victim-investors, nor did it generate any

21  transaction fees or revenue from the ATMs it purportedly leased back

22  from investors and supposedly installed in favorable locations.

23         h.   In truth and in fact, defendants GILLIS and WISHNER

24  operated NASI as a Ponzi scheme, in which the vast majority of its

25  incoming revenue was comprised of victim-investor funds, which

26  defendants GILLIS and WISHNER used to pay returns to prior victim-

27  investors, finance NASI's operations, and pay compensation to

28  themselves and to NASI's sales agents and employees.  Not only were

4

1    the tens of thousands of ATMs that defendants GILLIS and WISHNER

2    purported to sell to, and lease back from, NASI victim-investors

3    never owned or operated by NASI, in the vast majority of cases these

4    ATMs never even actually existed, as defendants GILLIS and WISHNER

5    then well knew.

6            i.   By means of the false and fraudulent pretenses,

7    misrepresentations, and promises identified above, and others,

8    defendants GILLIS and WISHNER caused victim-investors to send money

9    to NASI using the United States mails and commercial interstate

10   carriers and by means of interstate wirings, which money the victim-

11   investors believed was being used to purchase ATMs as part of NASI's

12   ATM sale/leaseback program.

13           j.   In furtherance of their fraudulent investment scheme,

14   defendants GILLIS and WISHNER would cause co-conspirator NASI to send

15   to the victim-investors, using the United States mail, false monthly

16   transaction reports for the ATMs purportedly owned by the victim-

17   investors.  These monthly transaction reports set out in detail the

18   fabricated ATM transaction fees supposedly generated by the non-

19   existent ATMs that NASI had purportedly sold to and leased back from

20   the victim-investors.

21           k.   In and about August 2014, after checks that had been

22   sent by NASI as monthly returns to victim-investors bounced,

23   defendants GILLIS and WISHNER falsely sought to reassure the victim-

24   investors that NASI was only suffering from accounting problems and

25   technical delays relating to system upgrades, and that timely payment

26   of investor returns would likely resume by the beginning of October

27   2014.  In truth and in fact, as defendants GILLIS and WISHNER then

28   well knew, their Ponzi scheme was collapsing owing to a shortfall in

5

1  new victim-investor funds.  Nonetheless, between in and about the

2  last week in August and in and about the end of the first week of

3  September 2014, defendants GILLIS and WISHNER, acting in concert with

4  NASI sales agents and employees, continued raising nearly $4 million

5  in additional new victim-investor money and making Ponzi payments to

6  lull existing victim-investors, who were owed returns under NASI's

7  Purchase and Lease Agreements.

8      4.   In furtherance of the conspiracy and fraudulent scheme, on

9  or about the following dates, defendants GILLIS and WISHNER caused a

10  person working for defendant WISHNER to make the following deposits

11  into NASI's City National Bank account x4410 (the "NASI CN Bank

12  Account"):

13      a.   On January 13, 2010: seven checks received from seven

14  victim-investors for a total deposit of $246,300;

15      b.   On or about March 29, 2011: 28 checks received from 28

16  victim-investors for a total deposit of $1,094,400.

17      c.   On or about January 31, 2012: 27 checks received from

18  25 victim-investors for a total deposit of $2,219,600.

19      d.   On or about February 1, 2013: 41 checks received from

20  33 victim-investors for a total deposit of $1,329,124.

21      e.   On or about August 4, 2014: two checks received from

22  one victim-investor for a total deposit of $936,000.

23      As a result of the false representations, pretenses and promises

24  and concealments of material facts described above as part of the

25  conspiracy and fraudulent scheme devised and executed by defendants

26  GILLIS and WISHNER, defendants GILLIS and WISHNER caused victim-

27  investor D.H. to mail a check for $468,000 payable to NASI from Santa

28  Monica, California, to NASI in Calabasas, California, on or about

6

Case 2:15-cv-08486   Document 1-1   Filed 10/30/15   Page 8 of 8   Page ID #:14

1    October 24, 2013; caused victim-investor J.H. to mail a check for

2    $120,000 payable to NASI from Hidden Hills, California, to NASI in

3    Calabasas, California, on August 26, 2014; and, caused $1,000,000, to

4    be wired  for the benefit of victim-investor A.K., from Citibank

5    account number x00089 in New York, New York, to the NASI CN Bank

6    Account in California, by means of wire and radio communication in

7    interstate and foreign commerce on or about July 30, 2013.

8

9        I have read this EXHIBIT A: STATEMENT OF FACTS IN SUPPORT OF

10   ENTRY OF GUILTY PLEAS in its entirety.  I have had enough time to

11   review and consider this Statement of Facts, and I have carefully and

12   thouroughly discussed every part of it with my attorney.  I represent

13   and admit that the facts set forth in this Statement of Facts are

14   true and I agree that this statement of facts is sufficient to

15   support pleas of guilty to the charges described in the information

16   filed in United States v. Joel Barry Gillis, CR 14-712-SJO.

17

18   _Joel Gillis_                      _1-21-15_

19   JOEL BARRY GILLIS                  Date
     Defendant

20

21

22

23

24

25

26

27

28

                              7                        Exhibit A
                                                       Page 13

# EXHIBIT B

Case 2:15-cv-08486   Document 1-2   Filed 10/30/15   Page 2 of 6   Page ID #:16

Equity Receivership over Nationwide Automated Systems, Inc., et al.
Schedule of Investor Payments to and from NASI
Firestone, Jeffrey & Wantana
Investor Acct. 6-0196 & 6-0444

| | Deposits (Investment) | Payments Received | Total Profit Amount |
|---|---|---|---|
| Firestone, Jeffrey & Wantana | $367,000.00 | $   (610,663.50) | $   (243,663.50) |

Firestone, Jeffrey & Wantana - Deposits to NASI:

| Bank Name | Account # | Trans Type | Date | Payor/Payee | Memo/Notes | Amount | Cumulative Total |
|---|---|---|---|---|---|---|---|
| CNB | 22414410 | Deposit | 11/06/01 | Firestone, Jeffrey | 6 ATMs | $75,000.00 | $75,000.00 |
| CNB | 22414410 | Deposit | 05/22/02 | Firestone, Jeffrey | 8 ATMs | $44,000.00 | $119,000.00 |
| CNB | 22414410 | Deposit | 06/22/02 | Firestone, Jeffrey | w/ Check #1885 | $44,000.00 | $163,000.00 |
| CNB | 22414410 | Deposit | 01/29/04 | Firestone, Jeffrey | 1 ATM | $12,000.00 | $175,000.00 |
| CNB | 22414410 | Deposit | 06/25/10 | Firestone, Jeffrey | 5 ATMs | $60,000.00 | $235,000.00 |
| CNB | 22414410 | Deposit | 04/27/12 | Firestone, Jeffrey | 5 ATMs | $60,000.00 | $295,000.00 |
| CNB | 22414410 | Deposit | 06/07/12 | Firestone, Jeffrey | 1 ATM | $12,000.00 | $307,000.00 |
| CNB | 22414410 | Deposit | 04/03/13 | Firestone, Wantana | 5 ATMs | $60,000.00 | $367,000.00 |
| | | | | | Total | $367,000.00 | |

Firestone, Jeffrey & Wantana - Payments from NASI:

| Bank Name | Account # | Trans Type | Date | Payor/Payee | Memo/Notes | Amount | Cumulative Total |
|---|---|---|---|---|---|---|---|
| CNB | 22414399 | Withdrawal | 12/01/01 | Firestone, Jeffrey | | $   (1,250.00) | $   (1,250.00) |
| CNB | 22414399 | Withdrawal | 01/01/02 | Firestone, Jeffrey | | $   (1,250.00) | $   (2,500.00) |
| CNB | 22414399 | Withdrawal | 02/01/02 | Firestone, Jeffrey | | $   (1,250.00) | $   (3,750.00) |
| CNB | 22414399 | Withdrawal | 03/01/02 | Firestone, Jeffrey | | $   (1,250.00) | $   (5,000.00) |
| CNB | 22414399 | Withdrawal | 04/01/02 | Firestone, Jeffrey | | $   (1,250.00) | $   (6,250.00) |
| CNB | 22414399 | Withdrawal | 05/01/02 | Firestone, Jeffrey | | $   (1,250.00) | $   (7,500.00) |
| CNB | 22414399 | Withdrawal | 06/01/02 | Firestone, Jeffrey | | $   (1,983.33) | $   (9,483.33) |
| CNB | 22414399 | Withdrawal | 07/01/02 | Firestone, Jeffrey | | $   (1,983.33) | $   (11,466.67) |
| CNB | 22414399 | Withdrawal | 08/01/02 | Firestone, Jeffrey | | $   (2,716.67) | $   (14,183.33) |
| CNB | 22414399 | Withdrawal | 09/01/02 | Firestone, Jeffrey | | $   (2,716.67) | $   (16,900.00) |
| CNB | 22414399 | Withdrawal | 10/01/02 | Firestone, Jeffrey | | $   (2,716.67) | $   (19,616.67) |
| CNB | 22414399 | Withdrawal | 11/01/02 | Firestone, Jeffrey | | $   (2,716.67) | $   (22,333.33) |
| CNB | 22414399 | Withdrawal | 12/01/02 | Firestone, Jeffrey | | $   (2,716.67) | $   (25,050.00) |
| CNB | 22414399 | Withdrawal | 01/01/03 | Firestone, Jeffrey | | $   (2,716.67) | $   (27,766.67) |
| CNB | 22414399 | Withdrawal | 02/01/03 | Firestone, Jeffrey | | $   (2,716.67) | $   (30,483.33) |
| CNB | 22414399 | Withdrawal | 03/01/03 | Firestone, Jeffrey | | $   (2,716.67) | $   (33,200.00) |
| CNB | 22414399 | Withdrawal | 04/01/03 | Firestone, Jeffrey | | $   (2,716.67) | $   (35,916.67) |
| CNB | 22414399 | Withdrawal | 05/01/03 | Firestone, Jeffrey | | $   (2,716.67) | $   (38,633.33) |
| CNB | 22414399 | Withdrawal | 06/01/03 | Firestone, Jeffrey | | $   (2,716.67) | $   (41,350.00) |
| CNB | 22414399 | Withdrawal | 07/01/03 | Firestone, Jeffrey | | $   (2,716.67) | $   (44,066.67) |
| CNB | 22414399 | Withdrawal | 08/01/03 | Firestone, Jeffrey | | $   (2,716.67) | $   (46,783.33) |
| CNB | 22414399 | Withdrawal | 09/01/03 | Firestone, Jeffrey | | $   (2,716.67) | $   (49,500.00) |
| CNB | 22414399 | Withdrawal | 10/01/03 | Firestone, Jeffrey | | $   (2,716.67) | $   (52,216.67) |
| CNB | 22414399 | Withdrawal | 11/01/03 | Firestone, Jeffrey | | $   (2,716.67) | $   (54,933.33) |
| CNB | 22414399 | Withdrawal | 12/01/03 | Firestone, Jeffrey | | $   (2,716.67) | $   (57,650.00) |
| CNB | 22414399 | Withdrawal | 01/01/04 | Firestone, Jeffrey | | $   (2,716.67) | $   (60,366.67) |
| CNB | 22414399 | Withdrawal | 02/01/04 | Firestone, Jeffrey | | $   (2,916.67) | $   (63,283.33) |
| CNB | 22414399 | Withdrawal | 03/01/04 | Firestone, Jeffrey | | $   (2,916.67) | $   (66,200.00) |
| CNB | 22414399 | Withdrawal | 04/01/04 | Firestone, Jeffrey | | $   (2,916.67) | $   (69,116.67) |
| CNB | 22414399 | Withdrawal | 05/01/04 | Firestone, Jeffrey | | $   (2,916.67) | $   (72,033.33) |
| CNB | 22414399 | Withdrawal | 06/01/04 | Firestone, Jeffrey | | $   (2,916.67) | $   (74,950.00) |
| CNB | 22414399 | Withdrawal | 07/01/04 | Firestone, Jeffrey | | $   (2,916.67) | $   (77,866.67) |
| CNB | 22414399 | Withdrawal | 08/01/04 | Firestone, Jeffrey | | $   (2,916.67) | $   (80,783.33) |
| CNB | 22414399 | Withdrawal | 09/01/04 | Firestone, Jeffrey | | $   (2,916.67) | $   (83,700.00) |
| CNB | 22414399 | Withdrawal | 10/01/04 | Firestone, Jeffrey | | $   (2,916.67) | $   (86,616.67) |
| CNB | 22414399 | Withdrawal | 11/01/04 | Firestone, Jeffrey | | $   (2,916.67) | $   (89,533.33) |
| CNB | 22414399 | Withdrawal | 12/01/04 | Firestone, Jeffrey | | $   (2,916.67) | $   (92,450.00) |
| CNB | 22414399 | Withdrawal | 01/01/05 | Firestone, Jeffrey | | $   (2,916.67) | $   (95,366.67) |
| CNB | 22414399 | Withdrawal | 02/01/05 | Firestone, Jeffrey | | $   (2,916.67) | $   (98,283.33) |
| CNB | 22414399 | Withdrawal | 03/01/05 | Firestone, Jeffrey | | $   (2,916.67) | $   (101,200.00) |
| CNB | 22414399 | Withdrawal | 04/01/05 | Firestone, Jeffrey | | $   (2,916.67) | $   (104,116.67) |

Exhibit B
Page 15

Case 2:15-cv-08486   Document 1-2   Filed 10/30/15   Page 3 of 6   Page ID #:17

| Bank Name | Account # | Trans Type | Date | Payor/Payee | Memo/Notes | Amount | Cumulative Total |
|---|---|---|---|---|---|---|---|
| CNB | 22414359 | Withdrawal | 05/01/05 | Firestone, Jeffrey | | $ (2,916.67) | $ (107,033.33) |
| CNB | 22414359 | Withdrawal | 06/01/05 | Firestone, Jeffrey | | $ (2,916.67) | $ (109,950.00) |
| CNB | 22414359 | Withdrawal | 07/01/05 | Firestone, Jeffrey | | $ (2,916.67) | $ (112,866.67) |
| CNB | 22414359 | Withdrawal | 08/01/05 | Firestone, Jeffrey | | $ (2,916.67) | $ (115,783.33) |
| CNB | 22414359 | Withdrawal | 09/01/05 | Firestone, Jeffrey | | $ (2,916.67) | $ (118,700.00) |
| CNB | 22414399 | Withdrawal | 10/01/05 | Firestone, Jeffrey | | $ (2,916.67) | $ (121,616.67) |
| CNB | 22414399 | Withdrawal | 11/01/05 | Firestone, Jeffrey | | $ (2,916.67) | $ (124,533.33) |
| CNB | 22414399 | Withdrawal | 12/01/05 | Firestone, Jeffrey | | $ (2,916.67) | $ (127,450.00) |
| CNB | 2214399 | Withdrawal | 12/01/05 | Firestone, Wantana | | $ (217.50) | $ (127,667.50) |
| CNB | 2214399 | Withdrawal | 01/01/06 | Firestone, Jeffrey | | $ (2,957.50) | $ (130,625.00) |
| CNB | 2214399 | Withdrawal | 01/01/06 | Firestone, Wantana | | $ (205.50) | $ (130,830.50) |
| CNB | 2214399 | Withdrawal | 02/01/06 | Firestone, Jeffrey | | $ (2,934.50) | $ (133,765.00) |
| CNB | 2214399 | Withdrawal | 02/01/06 | Firestone, Wantana | | $ (205.50) | $ (133,970.50) |
| CNB | 2214399 | Withdrawal | 03/01/06 | Firestone, Jeffrey | | $ (2,886.50) | $ (136,857.00) |
| CNB | 2214399 | Withdrawal | 03/01/06 | Firestone, Wantana | | $ (200.00) | $ (137,057.00) |
| CNB | 2214399 | Withdrawal | 04/01/06 | Firestone, Jeffrey | | $ (2,809.00) | $ (139,866.00) |
| CNB | 2214399 | Withdrawal | 04/01/06 | Firestone, Wantana | | $ (193.00) | $ (140,059.00) |
| CNB | 2214399 | Withdrawal | 05/01/06 | Firestone, Jeffrey | | $ (2,890.50) | $ (142,949.50) |
| CNB | 2214399 | Withdrawal | 05/01/06 | Firestone, Wantana | | $ (199.00) | $ (143,148.50) |
| CNB | 2214399 | Withdrawal | 06/01/06 | Firestone, Jeffrey | | $ (2,875.00) | $ (146,023.50) |
| CNB | 2214399 | Withdrawal | 06/01/06 | Firestone, Wantana | | $ (193.50) | $ (146,217.00) |
| CNB | 2214399 | Withdrawal | 07/01/06 | Firestone, Jeffrey | | $ (2,933.50) | $ (149,150.50) |
| CNB | 2214399 | Withdrawal | 07/01/06 | Firestone, Wantana | | $ (193.50) | $ (149,344.00) |
| CNB | 2214399 | Withdrawal | 08/01/06 | Firestone, Jeffrey | | $ (2,899.00) | $ (152,243.00) |
| CNB | 2214399 | Withdrawal | 08/01/06 | Firestone, Wantana | | 199.00 | $ (152,044.00) |
| CNB | 2214399 | Withdrawal | 09/01/06 | Firestone, Wantana | | $ (194.00) | $ (152,238.00) |
| CNB | 2214399 | Withdrawal | 09/07/06 | Firestone, Jeffrey | | $ (2,924.50) | $ (155,162.50) |
| CNB | 2214399 | Withdrawal | 10/01/06 | Firestone, Jeffrey | | $ (2,961.50) | $ (158,124.00) |
| CNB | 2214399 | Withdrawal | 10/01/06 | Firestone, Wantana | | $ (190.50) | $ (158,314.50) |
| CNB | 2214399 | Withdrawal | 11/01/06 | Firestone, Jeffrey | | $ (2,899.00) | $ (161,213.50) |
| CNB | 2214399 | Withdrawal | 11/01/06 | Firestone, Wantana | | $ (186.50) | $ (161,400.00) |
| CNB | 2214399 | Withdrawal | 12/01/06 | Firestone, Jeffrey | | $ (2,899.00) | $ (164,299.00) |
| CNB | 2214399 | Withdrawal | 12/01/06 | Firestone, Wantana | | $ (190.00) | $ (164,489.00) |
| CNB | 2214399 | Withdrawal | 12/31/06 | Firestone, Jeffrey | | $ (2,891.00) | $ (167,380.00) |
| CNB | 2214399 | Withdrawal | 12/31/06 | Firestone, Wantana | | $ (195.50) | $ (167,575.50) |
| CNB | 2214399 | Withdrawal | 12/31/06 | Firestone, Wantana | | $ (1,874.50) | $ (169,450.00) |
| CNB | 2214399 | Withdrawal | 02/01/07 | Firestone, Jeffrey | | $ (2,873.50) | $ (172,323.50) |
| CNB | 2214399 | Withdrawal | 02/01/07 | Firestone, Wantana | | $ (199.00) | $ (172,522.50) |
| CNB | 2214399 | Withdrawal | 02/01/07 | Firestone, Wantana | | $ (1,892.00) | $ (174,414.50) |
| CNB | 2214399 | Withdrawal | 03/01/07 | Firestone, Jeffrey | | $ (2,877.00) | $ (177,291.50) |
| CNB | 2214399 | Withdrawal | 03/01/07 | Firestone, Wantana | | $ (193.00) | $ (177,484.50) |
| CNB | 2214399 | Withdrawal | 03/01/07 | Firestone, Wantana | | $ (1,867.50) | $ (179,352.00) |
| CNB | 2214399 | Withdrawal | 04/01/07 | Firestone, Jeffrey | | $ (2,809.50) | $ (182,161.50) |
| CNB | 2214399 | Withdrawal | 04/01/07 | Firestone, Wantana | | $ (190.00) | $ (182,351.50) |
| CNB | 2214399 | Withdrawal | 04/01/07 | Firestone, Wantana | | $ (1,833.00) | $ (184,184.50) |
| CNB | 2214399 | Withdrawal | 05/01/07 | Firestone, Jeffrey | | $ (2,915.50) | $ (187,100.00) |
| CNB | 2214399 | Withdrawal | 05/01/07 | Firestone, Wantana | | $ (195.00) | $ (187,295.00) |
| CNB | 2214399 | Withdrawal | 05/01/07 | Firestone, Wantana | | $ (1,901.00) | $ (189,196.00) |
| CNB | 2214399 | Withdrawal | 06/01/07 | Firestone, Jeffrey | | $ (2,964.00) | $ (192,160.00) |
| CNB | 2214399 | Withdrawal | 06/01/07 | Firestone, Wantana | | $ (199.50) | $ (192,359.50) |
| CNB | 2214399 | Withdrawal | 06/01/07 | Firestone, Wantana | | $ (1,866.00) | $ (194,225.50) |
| CNB | 2214399 | Withdrawal | 07/01/07 | Firestone, Jeffrey | | $ (3,004.00) | $ (197,229.50) |
| CNB | 2214399 | Withdrawal | 07/01/07 | Firestone, Wantana | | $ (191.00) | $ (197,420.50) |
| CNB | 2214399 | Withdrawal | 07/01/07 | Firestone, Wantana | | $ (1,931.50) | $ (199,352.00) |
| CNB | 2214399 | Withdrawal | 08/01/07 | Firestone, Jeffrey | | $ (2,992.00) | $ (202,344.00) |
| CNB | 2214399 | Withdrawal | 08/01/07 | Firestone, Wantana | | $ (187.00) | $ (202,531.00) |
| CNB | 2214399 | Withdrawal | 09/07/07 | Firestone, Jeffrey & Wantana | | $ (2,959.00) | $ (205,490.00) |
| CNB | 2214399 | Withdrawal | 10/04/07 | Firestone, Jeffrey & Wantana | | $ (2,935.50) | $ (208,425.50) |
| CNB | 2214399 | Withdrawal | 11/07/07 | Firestone, Jeffrey & Wantana | | $ (2,962.50) | $ (211,388.00) |
| CNB | 2214399 | Withdrawal | 11/26/07 | Firestone, Jeffrey & Wantana | | $ (192.50) | $ (211,580.50) |
| CNB | 2214399 | Withdrawal | 11/26/07 | Firestone, Jeffrey & Wantana | | $ (187.00) | $ (211,767.50) |
| CNB | 2214399 | Withdrawal | 11/26/07 | Firestone, Jeffrey & Wantana | | $ (191.00) | $ (211,958.50) |
| CNB | 2214399 | Withdrawal | 12/10/07 | Firestone, Jeffrey & Wantana | | $ (2,979.00) | $ (214,937.50) |
| CNB | 2214399 | Withdrawal | 01/07/08 | Firestone, Jeffrey & Wantana | | $ (186.50) | $ (215,124.00) |
| CNB | 2214399 | Withdrawal | 01/14/08 | Firestone, Jeffrey & Wantana | | $ (3,039.00) | $ (218,163.00) |
| CNB | 2214399 | Withdrawal | 01/17/08 | Firestone, Jeffrey & Wantana | | $ (183.50) | $ (218,346.50) |
| CNB | 2214399 | Withdrawal | 02/11/08 | Firestone, Jeffrey & Wantana | | $ (2,967.00) | $ (221,313.50) |
| CNB | 2214399 | Withdrawal | 03/10/08 | Firestone, Jeffrey & Wantana | | $ (189.00) | $ (221,502.50) |

Case 2:15-cv-08486   Document 1-2   Filed 10/30/15   Page 4 of 6   Page ID #:18

| Bank Name | Account # | Trans Type | Date | Payor/Payee | Memo/Notes | Amount | Cumulative Total |
|---|---|---|---|---|---|---|---|
| CNB | 2214399 | Withdrawal | 03/10/08 | Firestone, Jeffrey & Wantana | | $ (2,953.00) | $ (224,455.50) |
| CNB | 2214399 | Withdrawal | 03/10/08 | Firestone, Jeffrey & Wantana | | $ (193.50) | $ (224,649.00) |
| CNB | 2214399 | Withdrawal | 04/04/08 | Firestone, Jeffrey & Wantana | | $ (2,946.00) | $ (227,595.00) |
| CNB | 2214399 | Withdrawal | 05/05/08 | Firestone, Jeffrey & Wantana | | $ (2,864.50) | $ (230,459.50) |
| CNB | 2214399 | Withdrawal | 06/04/08 | Firestone, Jeffrey & Wantana | | $ (189.00) | $ (230,648.50) |
| CNB | 2214399 | Withdrawal | 06/04/08 | Firestone, Jeffrey & Wantana | | $ (183.00) | $ (230,831.50) |
| CNB | 2214399 | Withdrawal | 06/04/08 | Firestone, Jeffrey & Wantana | | $ (2,861.00) | $ (233,692.50) |
| CNB | 2214399 | Withdrawal | 06/04/08 | Firestone, Jeffrey & Wantana | | $ (185.50) | $ (233,878.00) |
| CNB | 2214399 | Withdrawal | 07/15/08 | Firestone, Jeffrey & Wantana | | $ (2,882.00) | $ (236,760.00) |
| CNB | 2214399 | Withdrawal | 08/04/08 | Firestone, Jeffrey & Wantana | | $ (2,797.50) | $ (239,557.50) |
| CNB | 2214399 | Withdrawal | 09/03/08 | Firestone, Jeffrey & Wantana | | $ (2,852.00) | $ (242,409.50) |
| CNB | 2214399 | Withdrawal | 09/15/08 | Firestone, Jeffrey & Wantana | | $ (181.50) | $ (242,591.00) |
| CNB | 2214399 | Withdrawal | 09/15/08 | Firestone, Jeffrey & Wantana | | $ (176.00) | $ (242,767.00) |
| CNB | 2214399 | Withdrawal | 09/15/08 | Firestone, Jeffrey & Wantana | | $ (180.50) | $ (242,947.50) |
| CNB | 2214399 | Withdrawal | 10/07/08 | Firestone, Jeffrey & Wantana | | $ (2,876.00) | $ (245,823.50) |
| CNB | 2214399 | Withdrawal | 11/12/08 | Firestone, Jeffrey & Wantana | | $ (2,847.00) | $ (248,670.50) |
| CNB | 2214399 | Withdrawal | 11/19/08 | Firestone, Jeffrey & Wantana | | $ (176.00) | $ (248,846.50) |
| CNB | 2214399 | Withdrawal | 11/19/08 | Firestone, Jeffrey & Wantana | | $ (181.00) | $ (249,027.50) |
| CNB | 2214399 | Withdrawal | 12/11/08 | Firestone, Jeffrey & Wantana | | $ (2,784.50) | $ (251,812.00) |
| CNB | 2214399 | Withdrawal | 01/07/09 | Firestone, Jeffrey & Wantana | | $ (2,635.00) | $ (254,447.00) |
| CNB | 2214399 | Withdrawal | 02/06/09 | Firestone, Jeffrey & Wantana | | $ (2,616.50) | $ (257,063.50) |
| CNB | 2214399 | Withdrawal | 02/17/09 | Firestone, Jeffrey & Wantana | | $ (178.50) | $ (257,242.00) |
| CNB | 2214399 | Withdrawal | 02/17/09 | Firestone, Jeffrey & Wantana | | $ (168.50) | $ (257,410.50) |
| CNB | 2214399 | Withdrawal | 02/17/09 | Firestone, Jeffrey & Wantana | | $ (164.50) | $ (257,575.00) |
| CNB | 2214399 | Withdrawal | 03/16/09 | Firestone, Jeffrey & Wantana | | $ (2,544.00) | $ (260,119.00) |
| CNB | 2214399 | Withdrawal | 04/03/09 | Firestone, Jeffrey & Wantana | | $ (2,465.00) | $ (262,584.00) |
| CNB | 2214399 | Withdrawal | 04/06/09 | Firestone, Jeffrey & Wantana | | $ (160.00) | $ (262,744.00) |
| CNB | 2214399 | Withdrawal | 04/27/09 | Firestone, Jeffrey & Wantana | | $ (162.50) | $ (262,906.50) |
| CNB | 2214399 | Withdrawal | 06/09/09 | Firestone, Jeffrey & Wantana | | $ (2,509.50) | $ (265,416.00) |
| CNB | 2214399 | Withdrawal | 06/09/09 | Firestone, Jeffrey & Wantana | | $ (2,483.00) | $ (267,899.00) |
| CNB | 2214399 | Withdrawal | 07/06/09 | Firestone, Jeffrey & Wantana | | $ (2,538.50) | $ (270,437.50) |
| CNB | 2214399 | Withdrawal | 07/27/09 | Firestone, Jeffrey & Wantana | | $ (155.00) | $ (270,592.50) |
| CNB | 2214399 | Withdrawal | 07/27/09 | Firestone, Jeffrey & Wantana | | $ (160.50) | $ (270,753.00) |
| CNB | 2214399 | Withdrawal | 07/27/09 | Firestone, Jeffrey & Wantana | | $ (163.00) | $ (270,916.00) |
| CNB | 2214399 | Withdrawal | 08/11/09 | Firestone, Jeffrey & Wantana | | $ (2,468.00) | $ (273,384.00) |
| CNB | 2214399 | Withdrawal | 09/09/09 | Firestone, Jeffrey & Wantana | | $ (2,471.50) | $ (275,855.50) |
| CNB | 2214399 | Withdrawal | 09/14/09 | Firestone, Jeffrey & Wantana | | $ (162.50) | $ (276,018.00) |
| CNB | 2214399 | Withdrawal | 10/16/09 | Firestone, Jeffrey & Wantana | | $ (165.00) | $ (276,183.00) |
| CNB | 2214399 | Withdrawal | 10/16/09 | Firestone, Jeffrey & Wantana | | $ (2,508.50) | $ (278,691.50) |
| CNB | 2214399 | Withdrawal | 10/16/09 | Firestone, Jeffrey & Wantana | | $ (167.00) | $ (278,858.50) |
| CNB | 2214399 | Withdrawal | 11/04/09 | Firestone, Jeffrey & Wantana | | $ (2,483.00) | $ (281,341.50) |
| CNB | 2214399 | Withdrawal | 12/08/09 | Firestone, Jeffrey & Wantana | | $ (2,485.00) | $ (283,826.50) |
| CNB | 2214399 | Withdrawal | 01/20/10 | Firestone, Jeffrey & Wantana | | $ (2,555.00) | $ (286,381.50) |
| CNB | 2214399 | Withdrawal | 01/20/10 | Firestone, Jeffrey & Wantana | | $ (174.00) | $ (286,555.50) |
| CNB | 2214399 | Withdrawal | 02/09/10 | Firestone, Jeffrey & Wantana | | $ (2,584.50) | $ (289,140.00) |
| CNB | 2214399 | Withdrawal | 02/09/10 | Firestone, Jeffrey & Wantana | | $ (169.50) | $ (289,309.50) |
| CNB | 2214399 | Withdrawal | 03/23/10 | Firestone, Jeffrey & Wantana | | $ (164.00) | $ (289,473.50) |
| CNB | 2214399 | Withdrawal | 03/23/10 | Firestone, Jeffrey & Wantana | | $ (168.00) | $ (289,641.50) |
| CNB | 2214399 | Withdrawal | 03/23/10 | Firestone, Jeffrey & Wantana | | $ (2,645.50) | $ (292,287.00) |
| CNB | 2214399 | Withdrawal | 03/23/10 | Firestone, Jeffrey & Wantana | | $ (174.50) | $ (292,461.50) |
| CNB | 2214399 | Withdrawal | 04/13/10 | Firestone, Jeffrey & Wantana | | $ (2,768.00) | $ (295,229.50) |
| CNB | 2214399 | Withdrawal | 05/11/10 | Firestone, Jeffrey & Wantana | | $ (179.00) | $ (295,408.50) |
| CNB | 2214399 | Withdrawal | 05/11/10 | Firestone, Jeffrey & Wantana | | $ (2,844.50) | $ (298,253.00) |
| CNB | 2214399 | Withdrawal | 05/11/10 | Firestone, Jeffrey & Wantana | | $ (184.50) | $ (298,437.50) |
| CNB | 2214399 | Withdrawal | 06/15/10 | Firestone, Jeffrey & Wantana | | $ (2,824.50) | $ (301,262.00) |
| CNB | 2214399 | Withdrawal | 06/15/10 | Firestone, Jeffrey & Wantana | | $ (188.00) | $ (301,450.00) |
| CNB | 2214399 | Withdrawal | 06/22/10 | Firestone, Jeffrey & Wantana | | $ (5,905.00) | $ (307,355.00) |
| CNB | 2214399 | Withdrawal | 07/06/10 | Firestone, Jeffrey & Wantana | | $ (2,825.00) | $ (310,180.00) |
| CNB | 2214399 | Withdrawal | 07/06/10 | Firestone, Jeffrey & Wantana | | $ (185.50) | $ (310,365.50) |
| CNB | 2214399 | Withdrawal | 08/03/10 | Firestone, Jeffrey & Wantana | | $ (2,887.00) | $ (313,252.50) |
| CNB | 2214399 | Withdrawal | 09/07/10 | Firestone, Jeffrey & Wantana | | $ (4,016.00) | $ (317,268.50) |
| CNB | 2214399 | Withdrawal | 10/05/10 | Firestone, Jeffrey & Wantana | | $ (4,054.50) | $ (321,323.00) |
| CNB | 2214399 | Withdrawal | 10/07/10 | Firestone, Jeffrey & Wantana | | $ (185.50) | $ (321,508.50) |
| CNB | 2214399 | Withdrawal | 10/07/10 | Firestone, Jeffrey & Wantana | | $ (190.00) | $ (321,698.50) |
| CNB | 2214399 | Withdrawal | 10/07/10 | Firestone, Jeffrey & Wantana | | $ (195.00) | $ (321,893.50) |
| CNB | 2214399 | Withdrawal | 11/05/10 | Firestone, Jeffrey & Wantana | | $ (3,996.00) | $ (325,889.50) |
| CNB | 2214399 | Withdrawal | 11/26/10 | Firestone, Jeffrey & Wantana | | $ (193.00) | $ (326,082.50) |
| CNB | 2214399 | Withdrawal | 12/07/10 | Firestone, Jeffrey & Wantana | | $ (4,106.50) | $ (330,189.00) |

| Bank Name | Account # | Trans Type | Date | Payor/Payee | Memo/Notes | | Amount | | Cumulative Total |
|---|---|---|---|---|---|---|---|---|---|
| CNB | 2214399 | Withdrawal | 12/07/10 | Firestone, Jeffrey & Wantana | | $ | (201.00) | $ | (330,390.00) |
| CNB | 2214399 | Withdrawal | 01/04/11 | Firestone, Jeffrey & Wantana | | $ | (4,220.00) | $ | (334,610.00) |
| CNB | 2214399 | Withdrawal | 01/06/11 | Firestone, Jeffrey & Wantana | | $ | (208.00) | $ | (334,818.00) |
| CNB | 2214399 | Withdrawal | 02/03/11 | Firestone, Jeffrey & Wantana | | $ | (4,333.00) | $ | (339,151.00) |
| CNB | 2214399 | Withdrawal | 02/03/11 | Firestone, Jeffrey & Wantana | | $ | (213.00) | $ | (339,364.00) |
| CNB | 2214399 | Withdrawal | 03/02/11 | Firestone, Jeffrey & Wantana | | $ | (4,341.50) | $ | (343,705.50) |
| CNB | 2214399 | Withdrawal | 03/14/11 | Firestone, Jeffrey & Wantana | | $ | (218.00) | $ | (343,923.50) |
| CNB | 2214399 | Withdrawal | 04/04/11 | Firestone, Jeffrey & Wantana | | $ | (4,251.50) | $ | (348,175.00) |
| CNB | 2214399 | Withdrawal | 04/04/11 | Firestone, Jeffrey & Wantana | | $ | (213.00) | $ | (348,388.00) |
| CNB | 2214399 | Withdrawal | 04/21/11 | Firestone, Jeffrey & Wantana | | $ | (1,441.00) | $ | (349,829.00) |
| CNB | 2214399 | Withdrawal | 05/04/11 | Firestone, Jeffrey & Wantana | | $ | (4,354.00) | $ | (354,183.00) |
| CNB | 2214399 | Withdrawal | 05/04/11 | Firestone, Jeffrey & Wantana | | $ | (219.00) | $ | (354,402.00) |
| CNB | 2214399 | Withdrawal | 06/02/11 | Firestone, Jeffrey & Wantana | | $ | (4,254.00) | $ | (358,656.00) |
| CNB | 2214399 | Withdrawal | 06/06/11 | Firestone, Jeffrey & Wantana | | $ | (216.50) | $ | (358,872.50) |
| CNB | 2214399 | Withdrawal | 07/05/11 | Firestone, Jeffrey & Wantana | | $ | (4,276.00) | $ | (363,148.50) |
| CNB | 2214399 | Withdrawal | 08/03/11 | Firestone, Jeffrey & Wantana | | $ | (4,358.00) | $ | (367,506.50) |
| CNB | 2214399 | Withdrawal | 08/09/11 | Firestone, Jeffrey & Wantana | | $ | (218.00) | $ | (367,724.50) |
| CNB | 2214399 | Withdrawal | 08/09/11 | Firestone, Jeffrey & Wantana | | $ | (213.50) | $ | (367,938.00) |
| CNB | 2214399 | Withdrawal | 09/02/11 | Firestone, Jeffrey & Wantana | | $ | (4,305.50) | $ | (372,243.50) |
| CNB | 2214399 | Withdrawal | 09/21/11 | Firestone, Jeffrey & Wantana | | $ | (209.00) | $ | (372,452.50) |
| CNB | 2214399 | Withdrawal | 10/04/11 | Firestone, Jeffrey & Wantana | | $ | (4,394.50) | $ | (376,847.00) |
| CNB | 2214399 | Withdrawal | 10/11/11 | Firestone, Jeffrey & Wantana | | $ | (213.50) | $ | (377,060.50) |
| CNB | 2214399 | Withdrawal | 11/04/11 | Firestone, Jeffrey & Wantana | | $ | (4,309.00) | $ | (381,369.50) |
| CNB | 2214399 | Withdrawal | 11/04/11 | Firestone, Jeffrey & Wantana | | $ | (209.00) | $ | (381,578.50) |
| CNB | 2214399 | Withdrawal | 12/05/11 | Firestone, Jeffrey & Wantana | | $ | (4,274.50) | $ | (385,853.00) |
| CNB | 2214399 | Withdrawal | 12/08/11 | Firestone, Jeffrey & Wantana | | $ | (205.00) | $ | (386,058.00) |
| CNB | 2214399 | Withdrawal | 01/05/12 | Firestone, Jeffrey & Wantana | | $ | (4,276.50) | $ | (390,334.50) |
| CNB | 2214399 | Withdrawal | 01/05/12 | Firestone, Jeffrey & Wantana | | $ | (211.50) | $ | (390,546.00) |
| CNB | 2214399 | Withdrawal | 02/02/12 | Firestone, Jeffrey & Wantana | | $ | (4,288.50) | $ | (394,834.50) |
| CNB | 2214399 | Withdrawal | 02/07/12 | Firestone, Jeffrey & Wantana | | $ | (207.50) | $ | (395,042.00) |
| CNB | 2214399 | Withdrawal | 03/02/12 | Firestone, Jeffrey & Wantana | | $ | (4,306.00) | $ | (399,348.00) |
| CNB | 2214399 | Withdrawal | 03/05/12 | Firestone, Jeffrey & Wantana | | $ | (211.00) | $ | (399,559.00) |
| CNB | 2214399 | Withdrawal | 04/04/12 | Firestone, Jeffrey & Wantana | | $ | (207.50) | $ | (399,766.50) |
| CNB | 2214399 | Withdrawal | 04/04/12 | Firestone, Jeffrey & Wantana | | $ | (4,224.00) | $ | (403,990.50) |
| CNB | 2214399 | Withdrawal | 05/03/12 | Firestone, Jeffrey & Wantana | | $ | (4,355.50) | $ | (408,346.00) |
| CNB | 2214399 | Withdrawal | 05/07/12 | Firestone, Jeffrey & Wantana | | $ | (215.50) | $ | (408,561.50) |
| CNB | 2214399 | Withdrawal | 06/04/12 | Firestone, Jeffrey & Wantana | | $ | (4,292.50) | $ | (412,854.00) |
| CNB | 2214399 | Withdrawal | 06/05/12 | Firestone, Jeffrey & Wantana | | $ | (211.50) | $ | (413,065.50) |
| CNB | 2214399 | Withdrawal | 07/09/12 | Firestone, Jeffrey & Wantana | | $ | (4,516.50) | $ | (418,582.00) |
| CNB | 2214399 | Withdrawal | 07/09/12 | Firestone, Jeffrey & Wantana | | $ | (220.50) | $ | (418,802.50) |
| CNB | 2214399 | Withdrawal | 07/16/12 | Firestone, Jeffrey & Wantana | | $ | (666.00) | $ | (419,468.50) |
| CNB | 2214399 | Withdrawal | 08/03/12 | Firestone, Jeffrey & Wantana | | $ | (6,111.50) | $ | (425,580.00) |
| CNB | 2214399 | Withdrawal | 08/03/12 | Firestone, Jeffrey & Wantana | | $ | (216.00) | $ | (425,796.00) |
| CNB | 2214399 | Withdrawal | 09/04/12 | Firestone, Jeffrey & Wantana | | $ | (6,509.00) | $ | (432,305.00) |
| CNB | 2214399 | Withdrawal | 09/06/12 | Firestone, Jeffrey & Wantana | | $ | (211.50) | $ | (432,516.50) |
| CNB | 2214399 | Withdrawal | 10/01/12 | Firestone, Jeffrey & Wantana | | $ | (6,536.00) | $ | (439,052.50) |
| CNB | 2214399 | Withdrawal | 10/09/12 | Firestone, Jeffrey & Wantana | | $ | (209.00) | $ | (439,261.50) |
| CNB | 2214399 | Withdrawal | 11/06/12 | Firestone, Jeffrey & Wantana | | $ | (6,521.50) | $ | (445,783.00) |
| CNB | 2214399 | Withdrawal | 11/06/12 | Firestone, Jeffrey & Wantana | | $ | (215.50) | $ | (445,998.50) |
| CNB | 2214399 | Withdrawal | 12/03/12 | Firestone, Jeffrey & Wantana | | $ | (6,485.00) | $ | (452,483.50) |
| CNB | 2214399 | Withdrawal | 12/07/12 | Firestone, Jeffrey & Wantana | | $ | (222.00) | $ | (452,705.50) |
| CNB | 2214399 | Withdrawal | 01/02/13 | Firestone, Jeffrey & Wantana | | $ | (6,493.00) | $ | (459,200.50) |
| CNB | 2214399 | Withdrawal | 01/15/13 | Firestone, Jeffrey & Wantana | | $ | (216.00) | $ | (459,416.50) |
| CNB | 2214399 | Withdrawal | 02/04/13 | Firestone, Jeffrey & Wantana | | $ | (6,460.50) | $ | (465,877.00) |
| CNB | 2214399 | Withdrawal | 02/05/13 | Firestone, Jeffrey & Wantana | | $ | (220.50) | $ | (466,097.50) |
| CNB | 2214399 | Withdrawal | 03/04/13 | Firestone, Jeffrey & Wantana | | $ | (6,473.50) | $ | (472,571.00) |
| CNB | 2214399 | Withdrawal | 03/04/13 | Firestone, Jeffrey & Wantana | | $ | (225.50) | $ | (472,796.50) |
| CNB | 2214399 | Withdrawal | 04/01/13 | Firestone, Jeffrey & Wantana | | $ | (6,422.50) | $ | (479,219.00) |
| CNB | 2214399 | Withdrawal | 04/02/13 | Firestone, Jeffrey & Wantana | | $ | (220.50) | $ | (479,439.50) |
| CNB | 2214399 | Withdrawal | 05/02/13 | Firestone, Jeffrey & Wantana | | $ | (6,328.50) | $ | (485,768.00) |
| CNB | 2214399 | Withdrawal | 05/08/13 | Firestone, Jeffrey & Wantana | | $ | (217.00) | $ | (485,985.00) |
| CNB | 2214399 | Withdrawal | 06/03/13 | Firestone, Jeffrey & Wantana | | $ | (6,265.00) | $ | (492,250.00) |
| CNB | 2214399 | Withdrawal | 06/04/13 | Firestone, Jeffrey & Wantana | | $ | (213.50) | $ | (492,463.50) |
| CNB | 2214399 | Withdrawal | 07/08/13 | Firestone, Jeffrey & Wantana | | $ | (6,419.00) | $ | (498,882.50) |
| CNB | 2214399 | Withdrawal | 07/15/13 | Firestone, Jeffrey & Wantana | | $ | (2,008.00) | $ | (500,890.50) |
| CNB | 2214399 | Withdrawal | 08/01/13 | Firestone, Jeffrey & Wantana | | $ | (6,419.00) | $ | (507,309.50) |
| CNB | 2214399 | Withdrawal | 09/03/13 | Firestone, Jeffrey & Wantana | | $ | (6,430.50) | $ | (513,740.00) |
| CNB | 2214399 | Withdrawal | 09/05/13 | Firestone, Jeffrey & Wantana | | $ | (2,012.00) | $ | (515,752.00) |

| Bank Name | Account # | Trans Type | Date | Payor/Payee | Memo/Notes | Amount | Cumulative Total |
|---|---|---|---|---|---|---|---|
| CNB | 2214399 | Withdrawal | 10/04/13 | Firestone, Jeffrey & Wantana | | $ (6,439.50) | $ (522,191.50) |
| CNB | 2214399 | Withdrawal | 10/08/13 | Firestone, Jeffrey & Wantana | | $ (2,041.00) | $ (524,232.50) |
| CNB | 2214399 | Withdrawal | 11/06/13 | Firestone, Jeffrey & Wantana | | $ (6,494.00) | $ (530,726.50) |
| CNB | 2214399 | Withdrawal | 11/19/13 | Firestone, Jeffrey & Wantana | | $ (2,033.00) | $ (532,759.50) |
| CNB | 2214399 | Withdrawal | 12/05/13 | Firestone, Jeffrey & Wantana | | $ (6,536.00) | $ (539,295.50) |
| CNB | 2214399 | Withdrawal | 12/05/13 | Firestone, Jeffrey & Wantana | | $ (2,005.50) | $ (541,301.00) |
| CNB | 2214399 | Withdrawal | 01/02/14 | Firestone, Jeffrey & Wantana | | $ (6,560.50) | $ (547,861.50) |
| CNB | 2214399 | Withdrawal | 01/02/14 | Firestone, Jeffrey & Wantana | | $ (2,033.50) | $ (549,895.00) |
| CNB | 2214399 | Withdrawal | 02/04/14 | Firestone, Jeffrey & Wantana | | $ (6,586.00) | $ (556,481.00) |
| CNB | 2214399 | Withdrawal | 02/04/14 | Firestone, Jeffrey & Wantana | | $ (2,050.00) | $ (558,531.00) |
| CNB | 2214399 | Withdrawal | 03/04/14 | Firestone, Jeffrey & Wantana | | $ (6,265.00) | $ (564,796.00) |
| CNB | 2214399 | Withdrawal | 03/04/14 | Firestone, Jeffrey & Wantana | | $ (2,035.50) | $ (566,831.50) |
| CNB | 2214399 | Withdrawal | 04/03/14 | Firestone, Jeffrey & Wantana | | $ (6,136.00) | $ (572,967.50) |
| CNB | 2214399 | Withdrawal | 04/03/14 | Firestone, Jeffrey & Wantana | | $ (2,003.50) | $ (574,971.00) |
| CNB | 2214399 | Withdrawal | 05/05/14 | Firestone, Jeffrey & Wantana | | $ (6,274.00) | $ (581,245.00) |
| CNB | 2214399 | Withdrawal | 05/05/14 | Firestone, Jeffrey & Wantana | | $ (2,024.00) | $ (583,269.00) |
| CNB | 2214399 | Withdrawal | 06/02/14 | Firestone, Jeffrey & Wantana | | $ (7,101.50) | $ (590,370.50) |
| CNB | 2214399 | Withdrawal | 06/03/14 | Firestone, Jeffrey & Wantana | | $ (2,005.50) | $ (592,376.00) |
| CNB | 2214399 | Withdrawal | 07/02/14 | Firestone, Jeffrey & Wantana | | $ (7,180.00) | $ (599,556.00) |
| CNB | 2214399 | Withdrawal | 07/03/14 | Firestone, Jeffrey & Wantana | | $ (1,994.50) | $ (601,550.50) |
| CNB | 2214399 | Withdrawal | 08/06/14 | Firestone, Jeffrey & Wantana | | $ (7,160.00) | $ (608,710.50) |
| CNB | 2214399 | Withdrawal | 08/08/14 | Firestone, Jeffrey & Wantana | | $ (1,953.00) | $ (610,663.50) |
| | | | | | Total | $ (610,663.50) | |

TED FATES, ESQ
ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
501 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CA 92101
(619) 233-1155

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| WILLIAM J. HOFFMAN, ET AL.<br><br>v.<br><br>JEFFREY FIRESTONE, ET AL. | **CASE NUMBER:** 2:15-cv-8486-JAK-AJW<br><br>**PROOF OF SERVICE**<br>**SUMMONS AND COMPLAINT**<br>(Use separate proof of service for each person/party served) |

1. At the time of service I was at least 18 years of age and not a party to this action and I served  copies of the *(specify documents):*

   a. ☒ summons     ☐ first amended complaint     ☐ third party complaint
       ☒ complaint     ☐ second amended complaint     ☐ counter claim
       ☐ alias summons     ☐ third amended complaint     ☐ cross claim
       ☒ other  **SEE ATTACHED DOCUMENT LIST**

2. Person served:

   a. ☒ Defendant *(name:)* JEFFREY FIRESTONE, AN INDIVIDUAL
   b. ☐ Other *(specify name and title or relationship to the party/business named):*

   c. ☒ Address where the papers were served: **305 LIBRE STREET**
                                                **OXNARD, CA 93030**

3. Manner of Service in compliance with *(the appropriate box must be checked):*

   a. ☒ Federal Rules of Civil Procedure

   b. ☐ California Code of Civil Procedure

4. I served the person named in Item 2:

   a. ☒ **By Personal Service.** By personally delivering copies.  If the person is a minor, by leaving copies with a parent, guardian, conservator or similar fiduciary and to the minor if at least twelve (12) years of age.

       1. ☒ Papers were served on *(date):* 11/03/2015 at *(time):*  04:58 pm

   b. ☐ **By Substituted Service.** By leaving copies:

       1. ☐ (home) at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household, at least 18 years of age, who was informed of the general nature of the papers.

       2. ☐ (business) or a person apparently in charge of the office, or place of business, at least 18 years of age, who was informed of the general nature of the papers.

       3. ☐ Papers were served on *(date):*  at *(time):*

       4. ☐ by mailing *(by first-class mail, postage prepaid)* copies to the person served in Item 2(b) at the place where the copies were left in Item 2(c).

       5. ☐ papers were mailed on

       6. ☐ due diligence. I made at least three (3) attempts to personally serve the defendant.

   c. ☐ **Mail and acknowledgment of service.** By mailing *(by first-class mail or airmail, postage prepaid)* copies to the person served, with two (2) copies of the form of Waiver of Service of Summons and Complaint and a return envelope, postage prepaid addressed to the sender.  **(Attach completed Waiver of Service of summons and Complaint).**

**Nationwide Legal, LLC**
110 West C. St., Suite 1211
San Diego, CA 92101
Phone: (619) 232-7500     Fax: (619) 232-7600

Continued from Proof of Service

CASE #:   2:15-cv-8486-JAK-AJW                              DATE: November 6, 2015

CASE NAME:   WILLIAM J. HOFFMAN, ET AL. VS. JEFFREY FIRESTONE, ET AL.

**Summons; Complaint; Civil Cover Sheet; Notice of Related Case Under Local Rule 83-1.3.1; Notice to Parties of Court-Directed ADR Program; Certification and Notice of Interested Parties; Notice of Assignment to United States Judges**

Case 2:15-cv-08486-SJO-FFM   Document 11   Filed 11/12/15   Page 3 of 3   Page ID #:65

d. ☐ Service on domestic corporation, unincorporated association (including partnership), or public entity. (F.R.Civ.P. 4(h)) (C.C.P. 416.10) By delivering, during usual business hours, a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute and the statute so requires, by also mailing, by first-class mail, postage prepaid, a copy to the defendant.

e. ☐ Substituted service on domestic corporation, unincorporated association (including partnership), or public entity. (C.C.P. 415.20 only) By leaving during usual business hours, a copy of the summons and complaint in the office of the person served with the person who apparently was in charge and thereafter by mailing *(by first-class mail, postage prepaid)* copies of the persons at the place where the copies were left in full compliance with C.C.P. 415.20  Substitute service upon the California Secretary of State requires a court order.  (Attach a copy of the order to this Proof of Service.)

f. ☐ Service on a foreign corporation.  In any manner prescribed for individuals by FRCP 4(f)

g. ☐ Certified or registered mail service.  By mailing to an address outside California *(by first-class mail, postage prepaid, requiring a return receipt)* copies to the person served.  (Attach signed return receipt or other evidence of actual receipt by the person served).

h. ☐ Other  (specify code section and type of service):

5. Service upon the **United States**, and its Agencies, Corporations or Officers.

a. ☐ by delivering a copy of the summons and complaint to the clerical employee designated by the U.S. Attorney authorized to accept service, pursuant to the procedures for the Office of the U.S. Attorney for acceptance of service, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the U.S. Attorneys Office.

Name of person served:

Title of person served:

Date and time of service:  *(date):*  at *(time):*

b. ☐ By sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States  at Washington, D.C. (Attach signed return receipt or other evidence of actual receipt by the person served).

c. ☐ By sending a copy of the summons and complaint by registered or certified mail to the officer, agency or corporation (Attach signed return receipt or other evidence of actual receipt by the person served).

6. At the time of service I was at least 18 years of age and not a party to this action.

7. Person serving *(name, address and telephone number)*:

    NANCY CHRISTINE PERRY
    **Nationwide Legal, LLC**
    110 West C. St., Suite 1211
    San Diego, CA 92101
    (619) 232-7500

a. Fee for service: $ 150.00

b. ☐ Not a registered California process server

c. ☐ Exempt from registration under B&P 22350(b)

d. ☒ Registered California process server
    Registration # :304
    County: VENTURA

8. ☐ I am a California sheriff, marshal, or constable and I certify that the foregoing is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Date; November 6, 2015 _____ <u>NANCY CHRISTINE PERRY</u>
                            *Type or Print Server's Name*                             *(Signature)*

PROOF OF SERVICE - SUMMONS AND COMPLAINT

CV-1 (03/10)

Case 2:15-cv-08486-SJO-FFM   Document 12   Filed 11/12/15   Page 1 of 3   Page ID #:66

TED FATES, ESQ
ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
501 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CA 92101
(619) 233-1155

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| WILLIAM J. HOFFMAN, ET AL, <br><br> v. <br><br> JEFFREY FIRESTONE, ET AL. | **CASE NUMBER:** 2:15-cv-8486-JAK-AJW |
| | **PROOF OF SERVICE SUMMONS AND COMPLAINT** <br> (Use separate proof of service for each person/party served) |

1. At the time of service I was at least 18 years of age and not a party to this action and I served  copies of the *(specify documents)*:

   a. [X] summons    [ ] first amended complaint    [ ] third party complaint
      [X] complaint    [ ] second amended complaint    [ ] counter claim
      [ ] alias summons    [ ] third amended complaint    [ ] cross claim
      [X] other  SEE ATTACHED DOCUMENT LIST

2. Person served:

   a. [X] Defendant *(name:)* WANTANA FIRESTONE, AN INDIVIDUAL
   b. [ ] Other *(specify name and title or relationship to the party/business named)*:

   c. [X] Address where the papers were served: 305 LIBRE STREET
                                       OXNARD, CA 93030

3. Manner of Service in compliance with *(the appropriate box must be checked)*:

   a. [X] Federal Rules of Civil Procedure

   b. [ ] California Code of Civil Procedure

4. I served the person named in Item 2:

   a. [X] By Personal Service. By personally delivering copies.  If the person is a minor, by leaving copies with a parent, guardian, conservator or similar fiduciary and to the minor if at least twelve (12) years of age.

      1. [X] Papers were served on *(date)*: 11/03/2015 at *(time)*:  09:03 pm

   b. [ ] By Substituted Service. By leaving copies:

      1. [ ] (home) at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household, at least 18 years of age, who was informed of the general nature of the papers.

      2. [ ] (business) or a person apparently in charge of the office, or place of business, at least 18 years of age, who was informed of the general nature of the papers.

      3. [ ] Papers were served on *(date)*: at *(time)*:

      4. [ ] by mailing *(by first-class mail, postage prepaid)* copies to the person served in Item 2(b) at the place where the copies were left in Item 2(c).

      5. [ ] papers were mailed on

      6. [ ] due diligence. I made at least three (3) attempts to personally serve the defendant.

   c. [ ] Mail and acknowledgment of service. By mailing *(by first-class mail or airmail, postage prepaid)* copies to the person served, with two (2) copies of the form of Waiver of Service of Summons and Complaint and a return envelope, postage prepaid addressed to the sender.  (Attach completed Waiver of Service of summons and Complaint).

**Nationwide Legal, LLC**

110 West C. St., Suite 1211

San Diego, CA 92101

Phone: (619) 232-7600     Fax: (619) 232-7600

Continued from Proof of Service

CASE #:   2:15-cv-8486-JAK-AJW                    DATE: November 6, 2015

CASE NAME:   WILLIAM J. HOFFMAN, ET AL. VS. JEFFREY FIRESTONE, ET AL.

Summons; Complaint; Civil Cover Sheet; Notice of Related Case Under Local Rule 83-1.3.1; Notice to Parties of Court-Directed ADR Program; Certification and Notice of Interested Parties; Notice of Assignment to United States Judges

Case 2:15-cv-08486-SJO-FFM   Document 12   Filed 11/12/15   Page 3 of 3   Page ID #:68

d. ☐ Service on domestic corporation, unincorporated association (including partnership), or public entity. (F.R.Civ.P. 4(h)) (C.C.P. 416.10)  By delivering, during usual business hours, a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute and the statute so requires, by also mailing, by first-class mail, postage prepaid, a copy to the defendant.

e. ☐ Substituted service on domestic corporation, unincorporated association (including partnership), or public entity. (C.C.P. 415.20 only)  By leaving during usual business hours, a copy of the summons and complaint in the office of the person served with the person who apparently was in charge and thereafter by mailing (by first-class mail, postage prepaid) copies of the persons at the place where the copies were left in full compliance with C.C.P. 415.20  Substitute service upon the California Secretary of State requires a court order.  (Attach a copy of the order to this Proof of Service.)

f. ☐ Service on a foreign corporation.  In any manner prescribed for individuals by FRCP 4(f)

g. ☐ Certified or registered mail service.  By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served.  (Attach signed return receipt or other evidence of actual receipt by the person served).

h. ☐ Other (specify code section and type of service):

5. Service upon the United States, and its Agencies, Corporations or Officers.

a. ☐ by delivering a copy of the summons and complaint to the clerical employee designated by the U.S. Attorney authorized to accept service, pursuant to the procedures for the Office of the U.S. Attorney for acceptance of service, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the U.S. Attorneys Office.

   Name of person served:

   Title of person served:

   Date and time of service:  (date):  at (time):

b. ☐ By sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C. (Attach signed return receipt or other evidence of actual receipt by the person served).

c. ☐ By sending a copy of the summons and complaint by registered or certified mail to the officer, agency or corporation (Attach signed return receipt or other evidence of actual receipt by the person served).

6. At the time of service I was at least 18 years of age and not a party to this action.

7. Person serving (name, address and telephone number):

NANCY CHRISTINE PERRY
Nationwide Legal, LLC
110 West C. St., Suite 1211
San Diego, CA 92101
(619) 232-7500

a. Fee for service: $ 150.00

b. ☐ Not a registered California process server

c. ☐ Exempt from registration under B&P 22350(b)

d. ☒ Registered California process server
   Registration # :304
   County: VENTURA

8. ☐ I am a California sheriff, marshal, or constable and I certify that the foregoing is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Date: November 6, 2015 _____ __NANCY CHRISTINE PERRY__          _____
                              Type or Print Server's Name                    (Signature)

PROOF OF SERVICE - SUMMONS AND COMPLAINT

CV-1 (03/10)

PAGE 2
4120862

Exhibit A
Page 32

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) and am not a party to this action. My business address is 515 South Figueroa Street, Ninth Floor, Los Angeles, California 90071-3309.

On November 25, 2015, I served the within document(s) described as:
**Notice of Failure to Respond to Complaint and Receiver's Intent to Seek Entry of Default and Default Judgment** on the interested parties in this action as stated below:

Jeffrey Firestone                                    Defendants
Ms. Wantana Firestone
305 Libre Street
Oxnard, CA 93030
Email: ilfirestone@yahoo.com

☒ **BY OVERNIGHT DELIVERY:** I deposited in a box or other facility regularly maintained by FedEx, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document(s) in sealed envelopes or packages designated by the express service carrier, addressed as indicated above on the above-mentioned date, with fees for overnight delivery paid or provided for.

☐ **BY MAIL:** I placed a true copy of the document in a sealed envelope or package addressed as indicated above on the above-mentioned date in Los Angeles, California for collection and mailing pursuant to the firm's ordinary business practice. I am familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on and in accordance with a court order or agreement of the parties to accept service by e-mail or electronic transmission, I caused a true copy of the document to be sent to the persons at the corresponding electronic address as indicated above on the above-mentioned date. My electronic notification address is mlyons@allenmatkins.com. I am readily familiar with this firm's Microsoft Outlook electronic mail system and did not receive any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 25, 2015, at Los Angeles, California.

| Marcella Lyons | |
| --- | --- |
| (Type or print name) | (Signature of Declarant) |

1030782.01/LA

**Hsu, Tim**

| | |
|---|---|
| From: | Hsu, Tim |
| Sent: | Wednesday, November 25, 2015 4:55 PM |
| To: | 'jlfirestone@yahoo.com' |
| Cc: | Fates, Ted |
| Subject: | RE: Hoffman v. J.Firestone, et al; Case No. 2:15-cv-8486 |
| Attachments: | 2015-11-25 Ltr to Mr and Mrs. Firestone.pdf |

Mr. Firestone,

Please find attached a letter being sent to you and Ms. Wantana Firestone today.

Tim

**From:** Hsu, Tim
**Sent:** Monday, November 23, 2015 11:49 AM
**To:** 'jlfirestone@yahoo.com' <jlfirestone@yahoo.com>
**Cc:** Fates, Ted <tfates@allenmatkins.com>
**Subject:** RE: Hoffman v. J.Firestone, et al; Case No. 2:15-cv-8486

Mr. Firestone,

I still have not received any response from you despite multiple requests that you provide additional records to support your hardship application. As it stands, the deadline for you to file a response to the Complaint in this action is tomorrow. If we do not receive the requested records by tomorrow, or if you do not file a timely response to the Complaint, we will move to seek the entry of your default and a default judgment against you.

Tim

**From:** Hsu, Tim
**Sent:** Tuesday, November 17, 2015 5:38 PM
**To:** 'jlfirestone@yahoo.com' <jlfirestone@yahoo.com>
**Cc:** Fates, Ted <tfates@allenmatkins.com>
**Subject:** FW: Hoffman v. J.Firestone, et al; Case No. 2:15-cv-8486

Mr. Firestone,

I have not received any response to my email below requesting the additional records and documents that were missing from your hardship application. As I mentioned previously, your deadline to respond to the Complaint is coming up soon, and we cannot stipulate to any extension of that deadline unless we have received all documents for the hardship application. Please provide the requested documents as soon as possible (a list of the requested documents is attached again for your reference).

If you have any questions about this, please let me know.

Tim

1

**From:** Hsu, Tim
**Sent:** Wednesday, November 4, 2015 4:53 PM
**To:** 'jlfirestone@yahoo.com' <jlfirestone@yahoo.com>
**Cc:** Fates, Ted <tfates@allenmatkins.com>
**Subject:** Hoffman v. J.Firestone, et al; Case No. 2:15-cv-8486

Mr. Firestone,

As per our discussion, please find attached a list of documents that are missing from your hardship application. These documents need to be provided as soon as possible in order to ensure that your application may be reviewed and processed timely.

Additionally, we had discussed a possible stipulation to extend the time for you and Wantana Firestone to respond to the complaint. Please note that we cannot agree to such a stipulation until we have received all of the necessary documents to evaluate your hardship application. Thus, please provide the requested documents as soon as possible and feel free to contact me directly if you have any questions regarding the request.

Sincerely,

**Tim C. Hsu**
**Allen Matkins Leck Gamble Mallory & Natsis LLP**
515 South Figueroa Street, 9th Floor
Los Angeles, CA 90071
(213) 622-5555 - main
(213) 955-5516 - direct
(213) 620-8816 - fax
www.allenmatkins.com

# Allen Matkins

Exhibit A
Page 35