DAVID R. ZARO (BAR NO. 124334)
TED FATES (BAR NO. 227809)
TIM C. HSU (BAR NO. 279208)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
515 South Figueroa Street, Ninth Floor
Los Angeles, California 90071-3309
Phone: (213) 622-5555
Fax: (213) 620-8816
E-Mail: dzaro@allenmatkins.com
        tfates@allenmatkins.com
        thsu@allenmatkins.com

Attorneys for Plaintiff
WILLIAM J. HOFFMAN, Receiver

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| WILLIAM J. HOFFMAN, Court-appointed permanent receiver for Nationwide Automated Systems, Inc., Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC, Oasis Studio Rentals #3, LLC, and their subsidiaries and affiliates,<br><br>        Plaintiff,<br><br>    v.<br><br>JEFFREY FIRESTONE, an individual; and WANTANA FIRESTONE, an individual,<br><br>        Defendants. | Case No. 2:15-cv-8486-SJO-FFM<br><br>NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT BY COURT AS AGAINST DEFENDANTS JEFFREY FIRESTONE AND WANTANA FIRESTONE; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Date: January 11, 2016<br>Time: 10:00 a.m.<br>Ctrm: 1 - 2nd Floor<br>Judge: Hon. S. James Otero |

**TO ALL INTERESTED PARTIES:**

    **PLEASE TAKE NOTICE** that on January 11, 2016, at 10:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 1 of the above-entitled Court, located at 312 North Spring Street, Los Angeles, California 90012, Plaintiff William J. Hoffman of Trigild, Inc., the Court-appointed permanent receiver for Nationwide Automated Systems, Inc., Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC, Oasis Studio Rentals #3, LLC, and their subsidiaries and affiliates,

appointed by this Court in the Securities and Exchange Commission enforcement action styled as *Securities and Exchange Commission v. Nationwide Automated Systems, Inc., et al.*, United States District Court, Central District of California, Case No. 14-CV-07249-SJO (FFMx) ("SEC Action"), will and hereby does present his Motion to the Court for entry of default judgment as against Defendants Jeffrey Firestone and Wantana Firestone ("Defaulting Defendants"). The clerk previously entered the default of Defaulting Defendants on December 2, 2015. (Docket No. 15.)

This Motion is based upon this Notice, the concurrently submitted declarations of William J. Hoffman ("Hoffman Decl.") and Tim C. Hsu ("Hsu Decl."), the supporting exhibits, pleadings, and any oral or documentary evidence that may be presented at the time of this Motion's hearing.

Dated: December 11, 2015

ALLEN MATKINS LECK GAMBLE
   MALLORY & NATSIS LLP
DAVID R. ZARO
TED FATES
TIM C. HSU

By:    /s/ Tim C. Hsu
   TIM C. HSU
   Attorneys for Receiver
   WILLIAM J. HOFFMAN

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This action was commenced on October 30, 2015 by Plaintiff William J. Hoffman of Trigild, Inc. ("Receiver"), the Court-appointed permanent receiver for Nationwide Automated Systems, Inc. ("NASI"), Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC, Oasis Studio Rentals #3, LLC, and their subsidiaries and affiliates (collectively with NASI, "Receivership Entities"). Despite proper service of the Summons and Complaint, Defendants Jeffrey Firestone and Wantana Firestone ("Defaulting Defendants") failed to file any response or make any appearance in this action. As a consequence, the Receiver previously requested defaults to be entered as against Defaulting Defendants, which defaults were entered by the Clerk of this Court on December 2, 2015. Given the entry of default, and Defaulting Defendants' failure to respond or otherwise appear in this action, the Receiver hereby respectfully requests that default judgment be entered as against Defaulting Defendants in the amount as specified herein.

## II. SUFFICIENT PROOF EXISTS SUPPORTING THE ENTRY OF DEFAULT JUDGMENT

As reflected in the declarations, exhibits, pleadings and other evidence submitted concurrently with this Motion, and on file in this Action and in the SEC Action, sufficient proof exists of the following matters:

1. Defaulting Defendants were personally served with the Summons and Complaint on November 3, 2015, but have failed to appear in this action. (Docket Nos. 11, 12, 14.)

2. Following their failure to appear, the Receiver's counsel, on November 25, 2015, sent Defaulting Defendants a letter by way of FedEx and email to inform them the Receiver intended to seek a default judgment against them if they did not respond to the Complaint. (*See* Hsu Decl. ¶ 3.) Notwithstanding this notice,

and as of the date of this Motion, Defaulting Defendants have failed to file any responsive pleading. (*Id.*; *see also*, *generally*, Docket.)

3.    Defaulting Defendants are not minors or incompetent persons or in military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940. (*See* Hoffman Decl. ¶ 3.)

4.    Defaulting Defendants have not appeared in this action. (*See*, *generally*, Docket.)

5.    Notice of this Motion was served on Defaulting Defendants on December 11, 2015 by way of overnight mail, in accordance with Local Rule 55-1. (*See* Proof of Service submitted concurrently herewith.)

6.    The Receiver is entitled to judgment against Defaulting Defendants on account of the claims pleaded in the Complaint, to wit:  This action involves fraudulent transfers of purported profits totaling $243,663.50 ("Profit Amount") of Receivership Entities' funds to Defaulting Defendants. (*See* Complaint ¶¶ 7-8.)  In particular, NASI raised money from investors by selling them Automated Teller Machines ("ATMs"), leasing the ATMs back from investors, managing the ATMs for the investors, and paying the investors annual "rents" that were guaranteed to total at least 20% of the ATM purchase price. (*Id.*)  In actuality, the Receivership Entities did not sell any ATMs, but instead fabricated and sold fictitious ATMs with fabricated serial numbers and locations. (*Id.*)  The "rents" paid to investors, including to Defaulting Defendants, were paid from the amounts raised from other investors. (*Id.*)  Thus, NASI operated a classic Ponzi scheme, and the funds paid to investors such as Defaulting Defendants, were paid with proceeds raised from other investors in the Ponzi scheme. (*Id.*)  These allegations are further supported and confirmed by the results of the Receiver's investigation, admitted by the principal defendants through their Answers filed in the SEC Action, and admitted by NASI's principal, Joel Gillis, through his Statement of Facts filed in connection with his

guilty plea in the related criminal action. (*See* Hoffman Decl. ¶ 5; SEC Action Docket Nos. 49-50; Complaint ¶ 12, Ex. A.)

7. The Profit Amount paid to Defaulting Defendants is subject to disgorgement as an actual and constructively fraudulent transfer because the funds are the ill-gotten gains of the underlying Ponzi-scheme operated through the Receivership Entities, and because Defaulting Defendants did not receive the funds in good faith in that they had no business dealings with NASI apart from transactions relating to the purchase and leasing of fictitious ATMs and provided no services or other value to the Receivership Entities other than amounts paid for the fictitious ATMs. (Hoffman Decl., ¶¶ 5-7.)

8. Defaulting Defendants are jointly and severally liable for disgorgement of the Profit Amount as joint tortfeasors. As alleged in the Complaint, Defaulting Defendants together received the Profit Amount paid to them as purported profits in their investment in the fictitious ATMs. (*See* Complaint ¶¶ 14-15; Hoffman Decl. ¶¶ 5-7.) Other than the amounts Defaulting Defendants paid for these ATMs, Defaulting Defendants had no business dealings with NASI and provided no services or other value to the Receivership Entities. (*Id.*) Thus, Defaulting Defendants are jointly and severely liable for disgorgement of the Profit Amount totaling $243,663.50.

9. Accordingly, the amount of judgment sought against Defaulting Defendants, jointly and severally, is the Profit Amount totaling $243,663.50, as set forth in the Receiver's Complaint and his declaration submitted in support herewith.

### III. A FORMAL COURT HEARING IS NOT REQUIRED

A formal court hearing is not required for entry of the requested default judgment and this Court has wide latitude to forego such a hearing where the Court is already familiar with the issues and ample evidence exists in the record to substantiate the calculation of damages. *See* Fed. Rules Civ. Proc. Rule 55(b)(2); *see also Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981) (explaining that a

default judgment for money may be entered without hearing if the amount claimed is a liquidated sum or capable of mathematical calculation).

Here, the Court should forego a formal hearing on this Motion because the amount of damages, *i.e.* the Profit Amount, is capable of calculation as set forth in the schedule of payments submitted with the Hoffman Decl., and because this Court is very familiar with the background facts and legal issues, which are the same as those in numerous other related clawback actions brought by the Receiver and pending before the Court. Moreover, a hearing would involve considerable administrative expense and therefore reduce the net recovery from the action for the benefit of net losers in the NASI Ponzi scheme. Accordingly, the Receiver respectfully requests the Court exercise its discretion and enter judgment in favor of the Receiver as against Defaulting Defendants, jointly and severally, in the Profit Amount totaling $243,663.50.

## IV.  CONCLUSION

For the reasons set forth herein, the Receiver respectfully requests that this Motion be granted and default judgment be entered in favor of the Receiver as against Defaulting Defendants, jointly and severally, in the Profit Amount totaling $243,663.50.

Dated:  December 11, 2015

ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
DAVID R. ZARO
TED FATES
TIM C. HSU

By:  _____/s/ Tim C. Hsu_____
  TIM C. HSU
  Attorneys for Receiver
  WILLIAM J. HOFFMAN